IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD TERRY MOORE,    )
                       )
    Petitioner,         )
                       )    NO. 3:06-0333
v.                     )    JUDGE HAYNES
                       )
GLEN TURNER, Warden,   )
                       )
    Respondent.        )

## MEMORANDUM

Petitioner, Donald Terry Moore, filed this pro se action under 28 U.S.C. § 2241 et seq., seeking to set aside his state court convictions for rape of a minor, aggravated assault and simple assault for which he received en effective sentence of twenty-seven and a half years. State v. Moore, 1998 WL 209046 (Tenn.Ct.Crim.App. 1998).

In response to the petition, the Respondent filed a motion to dismiss (Docket Entry No. 7). After review of the petition and the Respondent's motion to dismiss, the Court denied the motion to dismiss without prejudice to renew and appointed the Federal Public Defender to represent the Petitioner. (Docket Entry No. 8). The Court granted leave, if necessary to file an amended petition. Petitioner's counsel filed an amended petition. (Docket Entry No. 13).

Before the Court is the Respondent's renewed motion to dismiss (Docket Entry No. 14), contending, in sum, that the pro se petition and the amended petition were filed beyond the one year statute of limitations for a habeas action. 28 U.S.C. 2244(d)(1). In response, Petitioner agrees with the Respondent's calculation of the relevant time period, but contends that he is entitled to equitable tolling because his state appellate counsel did not inform him of his post-conviction remedies and that his application for permission to appeal in the Tennessee Supreme Court had been decided.

Petitioner was convicted by a jury on July 9, 1995 and appealed his convictions. The late Charlie Ray Petitioner's then counsel advised Petitioner that he would not represent him beyond the direct appeal. Petitioner's convictions were affirmed by the Tennessee Court of Criminal Appeals, and affirmed by the Tennessee Supreme Court on November 1, 1999. State v. Moore, 6 S.W.3d 235 (Tenn. 1999).

After the Supreme Court's decision on direct appeal, Petitioner called Ray frequently to discuss any other remedy available to him. According to Petitioner, three or four months passed before Ray advised him of a state post-conviction action. Petitioner then searched for a new attorney to file a state post-conviction petition. None of his prior counsel[1] allegedly advised him about the statutes of limitations for state post-conviction actions or federal habeas corpus actions.

In October 2000, another attorney, George Thompson recommended John Herbison who Petitioner hired for his post-conviction action. On October 31, 2000, Herbison filed a petition for post-conviction relief, but he was later replaced by Jeffrey S. Goldtrap who was later removed and the state trial court appointed Susan Smith. Smith handled Petitioner's post-conviction proceeding at trial and on appeal to the Tennessee Court of Criminal Appeals that affirmed the trial court's dismissal of the petition.

On October 4, 2004, Petitioner applied to the Tennessee Supreme Court for permission to appeal. Petitioner did not learn of the Tennessee Supreme Court's decision until he or a family member called the appellate court clerk's office three months after the decision. A family member called Smith who denied that the Supreme Court had made its decision. Petitioner had problems

---

[1] Petitioner was also represented on direct appeal by Mr. Goldtrap who was subsequently publicly censured because of an unrelated matter.

2

with Smith whom he described was uncooperative in providing him with transcripts from his case. Petitioner filed a complaint against Smith with the Tennessee Board of Professional Responsibility.

For equitable tolling "a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."Strarnes v. United States, 18 Fed. Appx. 288, 293 (6th Cir. 2001). In Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003), the Sixth Circuit stated that equitable tolling may be applied ". . . when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Id. (citations omitted).

Five factors must considered on equitably tolling issues in a habeas corpus case: "(1) the petitioner's lack of notice of the filing requirements; (2) the petitioner's lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001) (citation omitted).

As noted, the parties agree that without tolling, 275 days of the one year statute of limitations for habeas action would have run from January 30, 2000 to October 31, 2000. The parties agree that the remaining 90 days of the habeas limitation period would have run from January 2, 2005 until April 2, 2005. Petitioner, however, seeks equitable tolling for the period from January 30, 2000 until October 31, 2000 and of all but the last two months of the period between January 2, 2005 and April 6, 2006, the date he filed his pro se federal habeas petition.

As to the January 30, 2000 to October 31, 2000 period, Petitioner cites his unsuccessful efforts to contact his state appellate counsel and his unawareness of his state remedies until his direct

3

appeal attorney, who was no longer representing him, told him about this remedy in approximately February or March 2000. Once informed of his rights, Petitioner secured counsel and within a month of counsel's retention, Petitioner filed a post-conviction petition.

As to the January 2, 2005 and April 6, 2006 period, Petitioner cites his lack of knowledge of the Supreme Court's October 4, 2004 decision for approximately three months and that his counsel was unaware of that decision. Petitioner unsuccessfully sought to contact his counsel Smith during this period, but she had not returned his calls. A family member called the court clerk's office and learned of the decision.

Based upon these factual allegations, the Respondent's motion to dismiss (Docket Entry No. 14) should be denied as an evidentiary hearing is required to decide the tolling issue. Dismissal of the petition on a motion is inappropriate.

The Court will set an evidentiary hearing to determine whether there are sufficient grounds for equitable tolling in this action. Deenan v. Bagley, 400 F.3d 417, 422 (6th Cir. 2005).

An appropriate Order is filed herewith.

**ENTERED** this the 27th day of September, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge